FILED

08/01/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0216

DA 16-0216

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 187N

DALE CLINE,

        Plaintiff, Appellee,
        and Cross-Appellant,

    v.

MARK J. KRALICH and ANGIE L. KRALICH,

        Defendants, Third-Party
        Plaintiffs, and Appellants,

    v.

CARRIE CLINE,

        Third-Party Defendant
        and Appellee.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                     In and For the County of Chouteau, Cause No. DV-13-024
                     Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Quentin M. Rhoades, Robert Erickson, Rhoades Siefert & Erickson PLLC,
                Missoula, Montana

        For Appellees:

                Kirk D. Evenson, Marra, Evenson & Bell, P.C., Great Falls, Montana

                        Submitted on Briefs:  May 24, 2017
                                 Decided:  August 1, 2017

Filed:

                                  Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dale Cline, Mark and Angie Kralich, and Carrie Cline appeal a judgment by the Twelfth Judicial District Court, Chouteau County, granting Dale specific performance on his lease with the Kraliches, denying damages and attorney fees to the Kraliches, and denying damages to Dale. We address whether the District Court erred in its judgments. We affirm in part and reverse in part.

¶3 On November 24, 2008, Dale entered a buy-sell agreement with the Kraliches for a 434-acre parcel of agricultural land in Chouteau County. On February 13, 2009, the Kraliches entered a lease agreement (the Farm Lease) whereby they leased the 434-acre parcel back to Dale. At the time of signing the Farm Lease, Dale owned property in Chouteau County individually, in joint tenancy with his wife Carrie, and in joint tenancy with his children. Section 13 of the Farm Lease gave Dale the option to purchase the property back from the Kraliches, provided Dale was "not then in default and is otherwise in good standing under the terms of the Lease at the time the option is exercised." Section 17(B) of the Farm Lease gave the Kraliches a right of first refusal of "all or any portion of [Dale's] remaining real property located in Chouteau County, Montana."

2

¶4      On February 5, 2009, Dale notified the Kraliches of his intent to sell a portion of his remaining property to Alan Sebens.  The Kraliches declined to exercise their right of first refusal, and Dale completed the transfer to Sebens.  On November 9, 2009, Dale and Carrie sold a portion of jointly owned property to Joseph and Phyllis Kimbrig without giving the Kraliches notice, or the opportunity to exercise their right of first refusal.  On July 19, 2013, Dale assigned his option to purchase under the Farm Lease, which applied only to Dale, to Carrie and himself without prior written consent of the Kraliches, in violation of section 6 of the Farm Lease.  The Kraliches were unaware of the assignment for several months.  Also on July 19, 2013, Dale sent the Kraliches a notice of his intent to exercise his option to purchase the property back from the Kraliches.  On July 22, 2013, Dale and Carrie sold approximately 465 acres of jointly owned property to Martin Realty Corporation, again without providing Kraliches with any notice or opportunity to exercise their right of first refusal.  As part of the sale to Martin Realty, Dale and Carrie identified the property they intended to repurchase from the Kraliches as the replacement property in a planned tax-free exchange pursuant to 26 U.S.C. § 1031(a)(1).

¶5      On August 16, 2013, five days after discovering the Martin Realty sale, the Kraliches sent Dale a notice of default on the Farm Lease and gave him the requisite thirty days to cure the default under the terms of the Farm Lease.  On September 19, 2013, the Kraliches sent Dale a notice terminating the Farm Lease for failure to remedy the default.  On January 10, 2014, the Kraliches sent another notice of default to Dale after discovering the sale of property to the Kimbrigs.  On June 5, 2014, upon learning of

Dale's assignment of his option to purchase to himself and Carrie, the Kraliches sent another notice of default to Dale.

¶6 On October 31, 2013, Dale filed the initial complaint in this matter. After trial, the District Court concluded Dale was in breach of the Farm Lease by not allowing the Kraliches to exercise their right of first refusal on the sale of Dale's jointly owned property, but that the Kraliches did not show substantial evidence as to the nature of their damages, and thus were not entitled to a damage award. Nor were the Kraliches entitled to attorney fees, as no evidence was presented relating to attorney fees. The District Court also concluded Dale failed to show substantial evidence of the nature of his damages in the planned § 1031 tax exchange, and thus was not entitled to damages. Lastly, the District Court concluded Dale was entitled to specific performance of his option to purchase, because the Kraliches failed to deliver Dale timely notice of default and a chance to cure his defaults.

¶7 We review findings of fact for clear error. *In re T.C.*, 2008 MT 335, ¶ 14, 346 Mont. 200, 194 P.3d 653. Clear error occurs when a district court's finding of fact is not supported by substantial evidence, if the district court misapprehended the effect of evidence, or if a finding of fact leaves this Court with a "definite and firm conviction that the district court made a mistake." *In re T.C.*, ¶ 14. We review conclusions of law de novo for correctness. *Giambra v. Kelsey*, 2007 MT 158, ¶ 28, 338 Mont. 19, 162 P.3d 134.

¶8 The District Court correctly concluded the Kraliches' right of first refusal pursuant to the terms of the Farm Lease applied to those properties Dale owned jointly, and that

4

Dale breached the Farm Lease by selling jointly owned property without providing the Kraliches an opportunity to exercise their right of first refusal. However, the District Court was incorrect in concluding Dale was in good standing and not in default of the Farm Lease because the Kraliches failed to provide Dale thirty days to cure the default per section 14 of the Farm Lease. Where a party's performance under a contract is rendered impracticable because of the non-occurrence of an event, through no fault of their own, which was a basic assumption underlying the contract, that party's performance is discharged. *Cape-France Enterprises v. Estate of Peed*, 2001 MT 139, ¶ 22, 305 Mont. 513, 29 P.3d 1011. Dale failed to provide the Kraliches notice of the pending sale of property to the Kimbrigs as expressly required by section 17(B) of the Farm Lease. By failing to provide notice, Dale rendered the Kraliches' performance under the contract impracticable through no fault of the Kraliches, and thus excused them from their obligation to provide Dale with thirty days to cure his default. As a result, Dale was in default and not in good standing under the terms of the Lease on November 9, 2009, years before he attempted to exercise his option to purchase pursuant to section 13 of the Farm Lease. Therefore, Dale was expressly barred from exercising his option to purchase under the terms of the Farm Lease, and is not entitled to specific performance.

¶9 The District Court correctly concluded the Kraliches were not entitled to damages. A claim for damages must be supported by a showing of substantial evidence, which must amount to more than mere guess or speculation. *Sebena v. AAA*, 280 Mont. 305, 309, 930 P.2d 51, 53 (1996). Substantial evidence is "something more than a

5

scintilla of evidence, but may be less than a preponderance of the evidence." *Am. Agrijusters Co. v. Montana Dept. of Labor & Indus.*, 1999 MT 241, ¶ 15, 296 Mont. 176, 988 P.2d 782. Testimony was elicited at trial suggesting the damages the Kraliches claimed were speculative in nature, which fails to meet the standard of substantial evidence. Therefore, the District Court was correct in concluding the Kraliches were not entitled to damages.

¶10 Dale's claim for damages stems from his attempt at a § 1031 exchange involving the sale of property to Martin Realty and the repurchase of the land owned by the Kraliches. As we have already determined, Dale was in default and not in good standing under the terms of the Farm Lease at the time he attempted to exercise his option to repurchase the land from the Kraliches, effectively barring him as a matter of law from using the Kraliches' property in the § 1031 exchange. Because Dale was not entitled to exercise his option to repurchase, he could not have suffered any damages. The District Court correctly determined Dale was not entitled to any damages.

¶11 The District Court correctly concluded the Kraliches were not entitled to attorney fees. Section 15 of the Farm Lease specifically provides for the award of damages to the "aggrieved party." In an action involving a counterclaim, or where there are two opposing aggrieved parties, the party obtaining a net judgment is considered the prevailing party for purposes of determining attorney fees. *Lewistown Miller Const. Co. v. Martin*, 2011 MT 325, ¶ 32, 363 Mont. 208, 271 P.3d 48. Neither the Kraliches nor Dale are entitled to any damages, nor is Dale entitled to specific performance of the Farm Lease's option to purchase. Neither party has realized a net gain from the resolution of

6

this case; therefore, neither party can be said to have prevailed. As such, the District Court was correct in concluding the Kraliches were not entitled to attorney fees, and Dale is similarly barred from recovering attorney fees.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's findings of fact were not clearly erroneous and its interpretation and application of the law was correct. We affirm in part and reverse in part.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ JIM RICE